UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CRYSTAL BARGE,                )
                             )
            Petitioner,       )
                             )
v.                           )          Case No. 4:08CV741RWS
                             )
JENNIFER MILLER,             )
                             )
            Respondent.       )

## MEMORANDUM AND OPINION

Petitioner Crystal Barge seeks a writ of habeas corpus. She alleges that her constitutional rights were violated when the state court, pursuant to the state's motion, set aside her plea agreement to murder in the second degree murder and armed criminal action and reinstated the original indictment charging her with murder in the first degree and armed criminal action. I referred this matter to United States Magistrate Judge Mary Ann L. Medler for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On October 28, 2008, Judge Medler filed her recommendation that Petitioner's habeas petition should be denied. Barge objects to the recommendation that habeas relief be denied.

Barge's sole ground for habeas relief is that her constitutional rights were violated when the state court set aside her plea agreement to murder in the second degree and reinstated the original indictment charging her with murder in the first degree. In her objections, she now raises three new arguments for the first time: (1) that Barge's trial counsel provided ineffective assistance of counsel for failure to call witnesses in her defense; (2) that Barge's due process rights were violated when she was interrogated as a minor without the presence of a legal guardian; and (3) that Barge's pre-trial counsel provided ineffective assistance of counsel by providing her with an inadequate explanation of the proceedings and legal terminology.

In general, a state habeas petitioner may not present new grounds for relief that she failed

to raise on direct appeal or in post-conviction proceedings. <u>Sweet v. Delo</u>, 125 F.3d 1144, 1149 (8th Cir. 1997). Barge can only overcome this procedural default if she can demonstrate cause and prejudice for the procedural default. <u>Dretke v. Haler</u>, 541 U.S. 386, 388–89 (2004). Barge has neither alleged nor demonstrated prejudice for her procedural default. Additionally, Barge has not explained why she did not raise those issues in her habeas petition. Because Barge failed to raise these claims, I will not consider them.

Barge also objects to the recommendation that habeas be denied because the state trial court violated her due process rights when it permitted the state to revoke her plea agreement. I have conducted a <u>de novo</u> review of all matters relevant to the petition. I find that Judge Medler correctly analyzed Barge's grounds for relief and correctly applied the law in reaching her recommendation. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Medler and will deny Barge's habeas petition.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. *See* <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997) (citing <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Barge has not made such a showing on the grounds raised in her petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Medler's report and recommendation [#10] filed on October 28, 2008 is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Crystal Barge's Petition for Writ of

Habeas Corpus [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2008.